## PHYSICIAN HOSPITALS OF AMERICA and Texas Spine & Joint Hospital, Ltd.

v.

## Kathleen SEBELIUS, in her official capacity as Secretary of the United States Department of Health and Human Services.

No. 6:10–cv–277.

United States District Court, E.D. Texas, Tyler Division.

Feb. 18, 2011.

---

Lindsey Scott Birdsong, Blake E. Armstrong, Birdsong & Armstrong PC, Tyler, TX, Scott Charles Oostdyk, Virginia Leigh Hudson, McGuire Woods, Richmond, VA, Victor L. Moldovan, McGuireWoods LLP, Atlanta, GA, for Plaintiff.

Kimberly L. Herb, Scott Risner, Sheila M. Lieber, U.S. Department of Justice, Washington, DC, Robert Austin Wells, U.S. Attorney's Office, Tyler, TX, for Defendant.

Andrea I. Schwab, Donald P. Wilcox, Texas Medical Association, Anthony Lee Icenogle, Icenogle & Sullivan, LLP, Austin, TX, Jim J. Marquez, Marquez & Associates, Washington, DC, Rebecca M. Fowler, Doerner Saunders Daniel & Anderson, Tulsa, OK, James J. Belanger, Scott M. Bennett, Coppersmith Schermer & Brockelman, Phoenix, AZ, for Amicus.

### MEMORANDUM OPINION & ORDER

MICHAEL H. SCHNEIDER, District Judge.

Now before the Court is Defendant's Motion to Dismiss (Doc. No. 28). Having considered the parties' arguments and considering the applicable law, the motion is hereby DENIED.

This suit challenges the constitutionality of a provision in the Medicare Act that limits the ability of physicians to bill Medicare for self-referrals. The challenged provision was included as Section 6001 in the Patient Protection and Affordable Care Act (PPACA), the controversial healthcare reform bill signed into law on March 23, 2010. Pub.L. No. 111–148, § 6001, 124 Stat 119, 684–96 (2010). Section 6001 amended a portion of the Medicare Act know as the "Stark Law." In filing this action, Plaintiffs request a declaration that Section 6001 is unconstitutional and an injunction that would prevent the Secretary of Health and Human Services Kathleen Sebelius (the Secretary) from enforcing Section 6001.

The Stark Law prohibits physician-owned facilities from billing Medicare for services to patients referred by a physician owner. 42 U.S.C. § 1395nn(a)(1). Since its enactment, the Stark Law has included a number of exceptions, including when a physician has an ownership interest is in an entire hospital, and not just a subdivision of the hospital. 42 U.S.C. § 1395nn(d)(3). Section 6001 eliminated the whole-hospital exception, but it grandfathered in existing facilities and new facilities that met certain requirements before September 23, 2010. 42 U.S.C. § 1395nn(d)(3) & (i). Section 6001 also prohibits existing physician-owned hospitals from billing Medicare for self referrals if the hospital expands.[1]

Plaintiff Texas Spine & Joint (TS & J) is a physician-owned hospital that is grandfathered under Section 6001. But at the time the law passed, TS & J had already invested considerable time and money in a planned expansion. The hospital argues that Section 6001 unconstitutionally restricts it from continuing with the expansion. Plaintiff Physician Hospitals of America (PHA) is a 501(c)(6) organization representing the interests of its physician-owned hospital members. Plaintiffs claim that Section 6001 violates a number of their constitutional rights.

The Secretary moved to dismiss the Complaint on multiple grounds, including

---

1. Section 6001 provides a limited opportunity to expand if the hospital satisfies certain criteria. 42 U.S.C. § 1395nn(i)(3). The Secretary must establish and implement an application process for these exceptions by February 1, 2012. Although this process is relevant to some of Plaintiffs' claims, it is not significant to the issue of the Court's jurisdiction.

that the Court lacks jurisdiction (Doc. No. 28). This Order only addressed the Secretary's jurisdictional argument. The Secretary's remaining arguments are subsumed in her Motion for Summary Judgment (Doc. No. 30) and will be considered at that stage. For the reasons stated herein, the Court finds that it has jurisdiction over Plaintiff's claims. Accordingly, the Secretary's Motion to Dismiss (Doc. No. 28) is DENIED.

The Secretary argues that the Court lacks jurisdiction to hear this dispute because Plaintiffs failed to first channel their claim through Medicare's administrative review process. The parties agree that the Medicare statute includes a broad exhaustion requirement. But Plaintiffs argue that an exception applies because of the hardship they face if forced to comply with the exhaustion requirement. The Court finds that an exception applies to the exhaustion requirement and that the Court has jurisdiction to entertain this dispute.

The Medicare statute requires an aggrieved party—in this case, TS & J—to file a Medicare claim before mounting a challenge in the courts. 42 U.S.C. § 1395cc(h) & 1395ii (incorporating the Social Security act's administrative and exhaustion requirements into the Medicare act, including 42 U.S.C. § 405(g) & (h)); 42 U.S.C. § 405(g) (establishing judicial review of administrative decisions under the Social Security Act); 42 U.S.C. § 405(h) (limiting relief from the Courts to judicial review of administrative decisions as set forth in the Social Security Act). If denied, the claimant must then fully adjudicate the claim before the Secretary. 42 U.S.C. § 1395cc(h) & 1395ii; 42 U.S.C. § 405(g) & (h). This exhaustion rule is virtually absolute and applies regardless of the basis of the challenge. *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S.

1, 13, 120 S.Ct. 1084, 146 L.Ed.2d 1 (2000) ("[§ 405(h)] demands the 'channeling' of virtually all legal attacks through the agency"). For example, a constitutional challenge to a statute or regulation must follow this administrative channel. *Id.* at 13–14, 120 S.Ct. 1084. Similarly, exhaustion is not excused even if the Secretary has no authority to grant the requested relief. *Id.* at 23–24, 120 S.Ct. 1084. This exhaustion requirement is perhaps one of the most burdensome of all administrative proceedings. *See id.* at 12, 120 S.Ct. 1084.

As broad as Medicare's exhaustion requirement may be, it is not without some exceptions. For example, one exception requires presentment but not full exhaustion before the Secretary. *Mathews v. Eldridge*, 424 U.S. 319, 326–27, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976); 42 U.S.C. § 405(g). The Supreme Court contemplated an even broader exception in *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. at 15, 20, 120 S.Ct. 1084. The *Illinois Council* exception not only circumvents the need to fully exhaust the administrative proceedings, it eliminates the need to even present the claim to the Secretary. *Id.* (noting the difference in the § 405(g) exception, which at a minimum requires presentment, and the exception requested in *Illinois Council*).

In *Illinois Council,* a group of nursing homes sued the Secretary claiming that certain Medicare regulations were unconstitutional. The regulations in question required that nursing homes maintain a certain standard of care, and if they have a deficiency on an inspection, the statute imposed specific remedies, from a minor fine to exclusion from the Medicare program. *Id.* at 6–7, 120 S.Ct. 1084. The Court found that jurisdiction did not exist because the nursing homes had not exhausted their administrative remedies and they faced only imposition of a fine—rath-

er than exclusion from filing Medicare claims—if they followed the procedural course set out in the Medicare Act. *Id.* at 21–22, 120 S.Ct. 1084. But in doing so, the Court indicated a possible exception to the presentment requirement if a party faced exclusion from filing Medicare claims. *Id.* at 22–23, 120 S.Ct. 1084.

The exception recognized in *Illinois Council* allows for direct resort to the Court when requiring presentment and channeling through the agency "would mean no review at all." *Id.* at 19, 120 S.Ct. 1084. This exception encompasses a situation that results in the "practical equivalent of a total denial of judicial review." *Id.* at 22, 120 S.Ct. 1084 (quoting *McNary v. Haitian Refugee Ctr.,* 498 U.S. 479, 497, 111 S.Ct. 888, 112 L.Ed.2d 1005 (1991)). In other words, if enforcing the administrative presentment requirement would cause the challenging party to endure a hardship so severe that they would never pursue it, then it would qualify as essentially no review at all. *Id.* at 22–23, 120 S.Ct. 1084 ("[T]he question is whether, as applied generally to those covered by a particular statutory provision, hardship likely found in many cases turns what appears to be simply a channeling requirement into *complete* preclusion of judicial review.").

The Fifth Circuit confirmed the existence of the *Illinois Council* exception in *National Athletic Trainers Association, Inc. v. U.S. Department of Health and Human Services.* In *National Athletic Trainers',* athletic trainers challenged a limitation on Medicare payments for their services. *Nat'l Athletic Trainers' Assoc., Inc. v. U.S. Dep't of Health and Human Servs.,* 455 F.3d 500, 502 (5th Cir.2006). The trainers did not have standing to bring an administrative challenge before the Secretary. *Id.* at 504. Although recognizing the *Illinois Council* exception, the Fifth Circuit found it did not apply because the referring doctors had an incentive to and could bring an administrative challenge on behalf of the trainers. *Id.* at 507. Key in the court's analysis was the fact that the referring doctors could avoid civil and criminal penalties and potentially reap a financial benefit. *Id.*

Due to breadth and significance of the *Illinois Council* exception, its application is rare. *See Ill. Council,* 529 U.S. at 13, 120 S.Ct. 1084 ("[§ 405(h)] demands the 'channeling' of virtually all legal attacks through the agency"). In fact, there appears to be no case from the Fifth Circuit in which the exception has been applied. But the D.C. District Court has applied the *Illinois Council* exception. *Am. Lithotripsy Soc'y v. Thompson,* 215 F.Supp.2d 23, 29 (D.D.C.2002), discussed in *Nat'l Athletic Trainers' Assoc., Inc.,* 455 F.3d at 505. The D.C. court found that the Plaintiffs had no access to the administrative process—either directly or through a proxy—and they also faced fines of up to $15,000 if they pursued their challenge. *Am. Lithotripsy Soc'y,* 215 F.Supp.2d at 30.

Unlike in *Illinois Council* and *Athletic Trainers',* Plaintiffs in this actions must construct or expand a hospital at a significant expense, file a Medicare reimbursement claim with the Secretary, and wait for it to be denied before they could bring their claims before the Court as a challenge to the Secretary's finding. It is inconceivable that a hospital would gamble millions of dollars in construction and expansion costs with the hope that it would ultimately prevail in having Section 6001 deemed unconstitutional by the Court. If the hospital did not prevail, it would lose not only its expansion costs, but the hospital also would forfeit its ability to bill Medicare for any future self-referrals. In other words, the hospital would have to

risk facing a death penalty sanction in order to challenge the statute through administrative channels. The *Illinois Council* exception was intended to embrace this very situation. *Ill. Council,* 529 U.S. at 22–23, 120 S.Ct. 1084 (noting that because the healthcare provider faced a fine rather than exclusion from the Medicare program, the potential hardship to the provider was insufficient to invoke the exception).

The Court finds that the *Illinois Council* exception applies in this case and that the Court has jurisdiction over this dispute, despite Plaintiffs' failure to first submit the claim to the Secretary. Accordingly, the Secretary's Motion to Dismiss (Doc. No. 28) is DENIED.

**It is SO ORDERED.**